**SEARS, ROEBUCK AND CO., Plaintiff,**

v.

**NORTHUMBERLAND GENERAL INSURANCE COMPANY,
Defendant.**

**No. 84 C 9567.**

United States District Court,
N.D. Illinois, E.D.

Sept. 27, 1985.

Arthur L. Klein, Theodore T. Schuld, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., for plaintiff.

Wayne B. Giampietro, DeJong, Poltrock & Giampietro, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

The Court treats defendant's motion to stay proceedings as a motion to dismiss in these circumstances. Accordingly, defendant's motion is GRANTED and plaintiff's complaint is dismissed without prejudice.

■ According to the Uniform Reciprocal Liquidation Act, of which Illinois and New York are reciprocal states (see Ill.Rev. Stat.Ann., ch. 73, par. 833.1, (Smith-Hurd 1985 Pocket Part)), when a liquidation proceeding is commenced in a reciprocal state involving an insurer domiciled in the reciprocal state, controverted claims against the insurer by Illinois resident claimants may be made in Illinois if there is a parallel or ancillary liquidation proceeding being conducted in Illinois. *Clark v. Standard Life & Acc. Ins. Co.*, 386 N.E.2d 890, 899 (Ill. App.1st Dist.1979). If no such ancillary proceeding is pending in Illinois, the claim has to "be proved in the domiciliary state as provided by the law of such state." Ill.Rev.Stat.1985, ch. 73, par. 833.4; *Clark, supra,* 386 N.E.2d at 899. Domiciliary state means the state in which an insurer is incorporated or organized or, in the case of an insurer incorporated or organized in a foreign country, the state in which such insurer ... has, at the commencement of delinquency the largest amount of its trusteed assets and deposits for the benefit of its policy holder or policy holders and creditors in the United States; and "domiciliary insurer" means an insurer in its domiciliary state. Ill.Rev.Stat.1985, ch. 73, par. 833.-1(4).

■ In the present case, the defendant Northumberland General Insurance Company is a Canadian corporation with its principal office located in New York, New York. While it is not clear which state possesses the largest amounted of Northumberland's trusteed assets and deposits, the location of its principal office in New York city and the prior pendency of the liquidation proceeding in a reciprocal state (New York) persuades this Court that dismissal of this action without prejudice is necessary to effectuate the purpose of the Uniform Reciprocal Liquidation Act. *Clark, supra,* 386 N.E.2d at 899.